**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL MARTIN,                            :
                                           :   Civil Action No. 12-4670 (AET)
              Petitioner,                  :
                                           :
         v.                                :   OPINION
                                           :
CHARLES WARREN, et al.,                    :
                                           :
              Respondents.                 :

**APPEARANCES:**

Petitioner pro se
Michael Martin
New Jersey State Prison
Trenton, NJ  08625

**THOMPSON**, District Judge

    Petitioner Michael Martin, a convicted prisoner confined at New Jersey State Prison in Trenton, New Jersey, has filed a Petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for murder in the Circuit Court for Baltimore City, Maryland.

    Petitioner is confined at New Jersey State Prison pursuant to the Interstate Corrections Compact, under which a prisoner convicted in one state, the "sending" state, may be confined in another state, the "receiving" state. See N.J.Stat.Ann. § 30:7C-1 et seq.; Md. Code Ann. (Correctional Services) § 8-601 et seq. Petitioner has named as Respondents New Jersey State Prison

Administrator Charles Warren and the Attorney General of New Jersey.

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions." Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner.

In addition, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

"[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Wales v. Whitney, 114 U.S. 5674, 574 (1885).

> In accord with the statutory language and Wales' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (citations omitted) (involving the question who was the proper respondent in a § 2241 petition filed by a United States citizen designated as a federal

2

"enemy combatant," and confined in a navy brig in South Carolina on a material witness warrant issued by the U.S. District Court for the Southern District of New York).

> The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

Padilla, 542 U.S. at 446-47 (citations and footnote omitted).

The general rules that the "custodian" is the warden of the institution where the petitioner is confined, and that the petition must be brought in the district of confinement, however, are not without exceptions.[1] In Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), for example, the petitioner was detained in an Alabama prison on an Alabama conviction, but was challenging his right to a speedy trial on a pending Kentucky charge. Turning to "traditional venue considerations," 410 U.S. 493, the Court found that the District of Kentucky was "almost

---

[1] In Padilla, the Supreme Court noted (1) the open question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation and (2) the implicit exception to the immediate custodian rule where an American citizen is detained outside the territorial jurisdiction of any district court. 542 U.S. at 435-36, n.8, 9, at 447, n.16 (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 498 (1973)).

3

surely" the most desirable forum for adjudication of the petitioner's claim.

> It is in Kentucky, where all of the material events took place, that the records and witnesses pertinent to petitioner's claim are likely to be found. And that forum is presumably no less convenient for the respondent and the Commonwealth of Kentucky, than for the petitioner. The expense and risk of transporting the petitioner to the Western District of Kentucky, should his presence at a hearing prove necessary, would in all likelihood be outweighed by the difficulties of transporting records and witnesses from Kentucky to the district where petitioner is confined.

Id. at 493-94 (footnote omitted).

Rejecting the notion that the petitioner must physically be located within the District in which the petition is litigated, the Court emphasized that it is upon the custodian that the writ is directed and operates.[2]  Id. at 495. With respect to the ability of a prisoner held in one state to attack a detainer lodged against him by another state, the Court noted that "the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer." Id. at 498-99 (emphasis added).

Similarly, under the Interstate Corrections Compact, the receiving state acts "solely as agent" for the sending state, and inmates remain "subject to the jurisdiction of the sending

---

[2] In Braden, there was no dispute that the Kentucky respondent had been properly served in Kentucky.

4

state," which may transfer such inmates at any time. ICC, Article IV(a), (c); N.J.Stat.Ann. § 30:7C-5(a), (c); Md. Code Ann. (Correctional Services) § 8-605(a), (c).

Since Padilla, "courts have struggled somewhat with the sweeping language the [Supreme] Court used to resolve the rather narrow issue presented in that case." Watson v. Figueroa, Civil No. 08-0341, 2008 WL 2329106, at *4 (W.D. Okla. June 3, 2008). With respect to the scenario presented here, where a prisoner brings a petition challenging a state conviction, but is confined in a state other than the state in which he was convicted "only for the convenience of and pursuant to a contractual relationship with the state wherein the conviction was rendered," federal courts have continued to hold that such a petition is properly transferred to the jurisdiction of conviction. See, e.g., Holder v. Curley, 749 F.Supp.2d 644, 646 (E.D. Mich. 2010) (collecting cases); Paul v. Delaware, Divil No. 11-1755, 2011 WL 6217114(M.D. Pa. Oct. 31, 2011), report and recommendation Adopted, 2011 WL 6217112 (M.D. Pa. Dec. 14, 2011).

As a result of Petitioner's confinement within this District, this Court has jurisdiction over this Petition. However, Petitioner's true custodian is the Secretary of the Maryland Department of Public Safety and Correctional Services; the Administrator of New Jersey State Prison is acting only as agent. In addition, Petitioner challenges a conviction by the

Circuit Court for the City of Baltimore, located within the District of Maryland. All records of the trial, appeal, and state post-conviction proceedings are located within the District of Maryland, as are witnesses and prior counsel. Accordingly, for the convenience of the parties and in the interest of justice, this Court will order this matter transferred to the United States District Court for the District of Maryland. <u>See</u> 28 U.S.C. § 1404(a).

    An appropriate Order follows.

_____
Anne E. Thompson
United States District Judge